UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL R. OPPENHEIM,
                Plaintiff,

-v-

SAMUEL R. GOLDBERG, *et al.*,
                Defendants.

23-CV-2645 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    The Court assumes the parties' familiarity with the facts and the Court's previous rulings in this case. Before the Court is Defendants' motion for attorney's fees pursuant to 17 U.S.C. § 505, as well as costs pursuant to Federal Rule of Civil Procedure 54(d)(1). (ECF No. 43.) Defendants filed an accompanying memorandum in support of their motion. (ECF No. 44 ("Mem.").) Also before the Court is Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 11, included in its opposition to the fees motion. (ECF No. 46 ("Mem. Opp.").) For the reasons that follow, both motions are denied.

    **A.**    **Motion for Attorney's Fees**

    Under the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). However, copyright law provides for the recovery of "a reasonable attorney's fee" as costs by a "prevailing party," to be awarded by "the court in its discretion." 17 U.S.C. § 505; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("[A]ttorney's fees [under § 505] are to be awarded to prevailing parties only as a matter of the court's discretion."). In exercising that discretion, a district court is to conduct a "particularized, case-by-case assessment" that "treat[s] prevailing plaintiffs and prevailing defendants" the same. *Poppington, LLC v. Brooks*, No. 23-660, 2024 WL 1266983, at *1 (2d

1

Cir. Mar. 26, 2024) (summary order) (drawing from *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016)).  Moreover, "the district court should consider the following 'nonexclusive factors': 'frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Id.*  (quoting *Kirtsaeng*, 579 U.S. at 202).  While "objective reasonableness" is "an important factor in assessing fee applications," it is "not the controlling one."[1]  *Kirtsaeng*, 579 U.S. at 208.  And importantly, ultimate dismissal for lack of liability does not render a copyright claim objectively unreasonable—the standards are distinct.  *Id.* ("[I]f some court confuses the issue of liability with that of reasonableness, its fee award should be reversed for abuse of discretion.").

Under the circumstances, Defendants have not made an adequate showing of objective unreasonableness, improper motivation, or the need for compensation and deterrence to warrant an award of fees under § 505.  Begin with objective unreasonableness, which—as Defendants point out—requires the claims at issue be "clearly without merit or otherwise patently devoid of a legal or factual basis."  *Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009) (quotation marks omitted).  In *Porto*, Judge Koeltl found objective unreasonableness where the plaintiff sued for copyright infringement of "unprotectible elements of his novel" which involved "historical or Biblical figures . . . ."  *Id.* at 617-18.  In this case, Plaintiff alleged copyright protection based on a treatment for a "dark" television show revolving around a crime-fighting dive team and their relationships on land.  (ECF No. 39 ("Order") at 7.)  Though this Court held

---

[1] Defendants state that "[t]his Court has long awarded attorneys' fees to prevailing defendants based on a finding of objective unreasonableness alone."  (Mem. at 9.)  For that proposition, Defendants cite cases from 1996 and 2008.  (*Id.* at 9-10.)  While that may be true as a historical matter, it is an incorrect statement of the current law following *Kirtsaeng*, which held that objective unreasonableness is "not the controlling" factor in a § 505 analysis.  579 U.S. at 208.

ultimately that "those are all standard ideas and themes related to crime shows," it was not objectively unreasonable for Plaintiff to believe that the combination of all of those elements—especially because of "the additional idea of the scuba diving nature of the team, as well as more detailed facts about the team's admissions process, training, and work" (*id.* at 8)—lacked protection. Again, while this Court held that "many of those details are simply facts drawn directly from the NYPD Scuba Team's real operations," it was not objectively unreasonable to believe the combination of fictional elements and a relatively unique real-life, crime-fighting unit was *per se* unprotectable before the Court ruled on the motion to dismiss. Finally, it appears that Plaintiff believed the copyright claim was surefire because Defendant Goldberg had admitted "I did something in the vein of illegality." (Order at 4; Mem. Opp. at 11.) The copyright laws and doctrine are complicated, and it would too greatly deter future potential plaintiffs from enforcing their intellectual property rights if the Court were to hold here that a compilation of facts, themes, and a novel context for a television treatment, allegedly copied by a defendant who later admitted his conduct was "in the vein of illegality," was objectively unreasonable.

There is similarly no evidence of improper motive. Defendants argue that Plaintiff referenced the present litigation to third parties in order to "pressure" them into "swiftly settling" with him. (Mem. at 12.) But merely seeking a resolution of related potential controversies during pending litigation does not raise the inference that the pending litigation was instituted for the *purpose* of obtaining those settlements. As already explained, a far more reasonable inference is that a facially valid copyright holder was told that another party acted "in the vein of illegality," and the copyright holder sought to enforce those rights—albeit unsuccessfully.

Defendants also make significant issue out of Plaintiff's maintenance of certain copyright claims in the First Amended Complaint following Defendants' motion to dismiss. (*See* Mem. at

3

7-8.) But failure to "remedy" an argument raised by a motion to dismiss is not objectively unreasonable or bad-faith litigation conduct, since parties often maintain their different positions on legal and factual questions even after learning their opponents' arguments.

The Court is satisfied that Plaintiff's responsibility for his own legal fees in this unsuccessful litigation is sufficient and no-greater-than-necessary deterrence to future plaintiffs considering frivolous copyright claims. The claims raised in this litigation, though ultimately unsuccessful, required the application of difficult doctrines in which no single case directly defeated Plaintiff's arguments. Judge Learned Hand famously wrote of the idea-fact dichotomy, which Defendants argue here rendered Plaintiff's claims "baseless": "The test for infringement of a copyright is of necessity vague. . . . Obviously, no principle can be stated as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression.' Decisions must therefore inevitably be ad hoc." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960). Considering the difficulty of applying the idea-expression rule, Defendant Goldberg's admission of "illegality," the lack of clear evidence of improper motive, and other relevant circumstances, the Court concludes that an award of fees under § 1505 is unwarranted in this case.

### B. Motion for Sanctions

At the end of his opposition to Defendants' motion for fees and costs, Plaintiff moves this Court to order Defendants to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11. (Mem. Opp. at 18.) Plaintiff's "motion" for sanctions does not even constitute a full page of its opposition and fails to identify remotely sanctionable behavior. Moreover, the motion is facially improper, since "[a] motion for sanctions must be made separately from any other motion . . . ," Fed. R. Civ. P. 11(c)(2), and this one was not.

### C. Conclusion

Defendants' motion for attorney's fees under 17 U.S.C § 505 is DENIED. Plaintiff's motion for sanctions under Rule 11 is DENIED. As prevailing parties in the underlying litigation, Defendants shall have fourteen days from the date of this Order to file a notice of taxation and bill of costs under Rule 54(d)(1) and Local Rule 54.1.

The Clerk of Court is directed to close the motion at ECF No. 43.

SO ORDERED.

Dated: September 20, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge